UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00607-RJC-DCK

| | |
|---|---|
| **ELIJAH WALKER and CRYSTAL WALKER,** )<br>)<br>**Plaintiffs** )<br>)<br>v. )<br>)<br>**SGB CORPORATION d/b/a WEST AMERICA** )<br>**MORTGAGE COMPANY, GOVERNMENT** )<br>**NATIONAL MORTGAGE ASSOCIATION** )<br>**a/k/a GINNIE MAE REMIC TRUST 2005-028,** )<br>**MORTGAGE ELECTRONIC** )<br>**REGISTRATION SYSTEM, INC. a/k/a MERS,** )<br>**RUSHMORE LOAN MANAGEMENT** )<br>**SERVICES, LLC, DOES 1–100, and** )<br>**CITIMORTGAGE, INC.,** )<br>)<br>**Defendants.** ) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiffs' "Application for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief" (the "Motion"). (Doc. No. 3).

**I.  BACKGROUND**

Pro se Plaintiffs Elijah and Crystal Walker ("Plaintiffs") filed their Motion in an attempt to prevent the foreclosure sale of their property located at 3328 Crutchfield Place, Charlotte, North Carolina 28213 (the "Property"). (Id. at 2). On March 29, 2005, Plaintiffs executed a Note and Deed of Trust related to the Property. (Id. at 4). A foreclosure proceeding was instituted in the Superior Court of North Carolina, Mecklenburg County due to a default in the terms of the Note and Deed of Trust.[1] (Doc. No. 21-3, 21-4). The Mecklenburg County Clerk of Court conducted a foreclosure hearing in that matter on October 31, 2014, and entered an order on November 12,

---

[1] The Court takes judicial notice of pertinent public records in the form of state court documents. See Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 397 (4th Cir. 2006).

2014, allowing the foreclosure to proceed. (Doc. No. 21-4). It appears that Plaintiffs did not appeal the Clerk's Order. However, Plaintiffs filed a bankruptcy action pursuant to Chapter 7 of the United States Bankruptcy Code on April 6, 2015. (Doc. No. 21-5). After the holder of the Note obtained permission from the Bankruptcy Court to proceed with the foreclosure, the state court reactivated the foreclosure on June 10, 2015, upon motion of the substitute trustee. (Doc. No. 21-6). Plaintiffs filed their Complaint in this Court along with their Motion for TRO on December 14, 2015. (Doc. Nos. 1, 3). The subject property was sold at a foreclosure sale on December 17, 2015. (Doc. No. 21-7). No upset bid was filed, and a trustee's deed was recorded on December 31, 2015, transferring the property to the highest bidder at the sale. (Doc. No. 21-8).

## II. DISCUSSION

A temporary restraining order is an "extraordinary and drastic remedy" that "is never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689–90 (2008) (internal quotation marks omitted). "In each case, a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Vill. of Gambell, Alaska, 480 U.S. 531, 542 (1987). A plaintiff seeking a TRO or preliminary injunction must establish four elements, including that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). A plaintiff must demonstrate more than just a "possibility" of irreparable harm and a strong showing of likelihood of success on the merits. Id. at 22.

Here, the Court finds that Plaintiffs have failed to establish that their claims will likely succeed on the merits. Plaintiffs seek to obtain a reversal of a state court foreclosure decision by

a federal court, which is a practice barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284–85 (2005). Federal district courts have no authority to hear appeals of the decisions of state courts; only the Supreme Court possesses such authority. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Additionally, federal district courts have no jurisdiction to hear "challenges to state court decisions in particular cases arising out of judicial proceedings." D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 483 n.16, 486 (1983). These rulings form the basis of the Rooker-Feldman doctrine. Where it applies, it bars federal district courts from hearing cases. Here, the state court fully and finally ordered that the foreclosure could proceed; therefore, Plaintiffs' action is barred by the Rooker-Feldman doctrine and is unlikely to succeed on the merits.[2]

Plaintiffs also appear to assert claims for monetary damages and/or rescission under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, and the Truth in Lending Act ("TILA") and the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1601. To the extent, if any, that these claims are independent from and not inextricably intertwined with the state court's judgment in the foreclosure proceedings, the Court further finds that Plaintiffs have failed to establish a likelihood of success on the merits as to these claims. A claim for civil damages under TILA/HOEPA must be brought within one year of the date the loan closed. 15 U.S.C. § 1640(e). Similarly, violations of RESPA are also subject to a one-year statute of limitations. 12 U.S.C. § 2614. Furthermore, a borrower's right to rescind under TILA/HOEPA expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). This three-year limit is an absolute time

---

[2] Furthermore, the Court notes that the portion of Plaintiffs' Motion seeking to enjoin the sale of the Property is moot as the Property was sold at a foreclosure sale and a trustee's deed was recorded in December 2015.

limit that is not tolled for any reason. Jones v. Saxon Mortgage, Inc., 537 F.3d 320, 327 (4th Cir. 1998). Plaintiffs executed their Note and Deed of Trust in 2005. Plaintiffs' Complaint for damages and/or rescission based upon alleged violations of TILA/HOEPA or RESPA was filed in 2015. Accordingly, it appears those claims are time-barred, and Plaintiffs have failed to demonstrate a likelihood of success on the merits.

Because Plaintiffs have failed to establish the requisite elements, their Motion for preliminary injunctive relief and declaratory judgment must be **denied**.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Application for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief," (Doc. No. 3), is **DENIED**.

Signed: May 20, 2016

Robert J. Conrad, Jr.
United States District Judge