**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-607-RJC-DCK**

| | |
|---|---|
| CRYSTAL WALKER and ELIJAH WALKER, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> RUSHMORE LOAN MANAGEMENT SERVICES ) <br> LLC; SGB CORPORATION; GOVERNMENT ) <br> NATIONAL MORTGAGE ASSOCIATION; ) <br> CITIMORTGAGE, INC.; MORTGAGE ) <br> ELECTRONIC REGISTRATION SYSTEM, INC.; ) <br> DOES 1-100; ) <br> ) <br> **Defendants.** ) <br> ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on Defendants Citimortgage and MERS' "Motion To Dismiss Amended Complaint" (Document No. 20); Defendant Rushmore's "Motion to Dismiss…" (Document No. 25); and Defendant SBG's "…Motion To Dismiss Amended Complaint" (Document No. 37). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motions be <u>granted</u>.

**I. BACKGROUND**

On March 29, 2005, Plaintiffs Elijah Walker and Crystal Walker (collectively, the "Walkers" or "Plaintiffs") obtained a loan in the amount of $173,277.00 from SGB Corporation d/b/a West America Mortgage Company (the "Loan"). (Document No. 14, p. 7) (Document No. 21-1). The Loan was evidenced by a promissory note and secured by a deed of trust (the "Note" and the "Deed of Trust"). (Document No. 14 pp. 7, 8) (Document No. 21-2). The security under

the Deed of Trust was property located at 3328 Crutchfield Place, Charlotte, North Carolina 28213, recorded in Book 18529, Page 332 of the Mecklenburg County Public Registry. (Document No. 21-2). At some point, Plaintiffs stopped making payments and defaulted on the Note. (Document No. 21-4, p. 1).

A foreclosure proceeding was instituted in Mecklenburg County. On October 31, 2014, the Mecklenburg County Clerk of Court conducted a foreclosure hearing. (Document No. 21-4, p. 1). On November 12, 2014, the Mecklenburg County Clerk of Court then entered an order permitting foreclosure (the "Foreclosure Order"). Id. Among other things, the Foreclosure Order stated the following findings: (1) Wilmington Savings Fund Society, FSB ("Wilmington Savings," also "Rushmore") is the holder of the Note; (2) the Note is a valid debt owed to Wilmington Savings; (3) Plaintiffs are in default under the Note and Deed of Trust; and (4) Wilmington Savings has the right to have the Deed of Trust foreclosed under the power of sale contained therein. Id. Plaintiffs declined to appeal the Foreclosure Order to the North Carolina Superior Court, Mecklenburg County.

Plaintiffs filed a petition under Chapter 7 of the United States Bankruptcy Code on April 6, 2015 in United States Bankruptcy Court for the Western District of North Carolina. (Document No. 38-8, p. 2). The Court automatically stayed the foreclosure procedure upon receipt of Plaintiffs' petition. Id. On November 13, 2015, the Bankruptcy Court modified and terminated the stay order to permit Wilmington Savings Fund Society, FSB to proceed with foreclosure in state court. (Document No. 26-1). Plaintiffs did not appeal the Bankruptcy Court's decisions allowing foreclosure to proceed and closing the case.

The subject property was sold at a foreclosure sale on December 17, 2015. (Document No. 38-9). Plaintiffs did not move to set aside the foreclosure sale in Mecklenburg County Superior

Court. The Trustee's Deed was recorded December 31, 2015 in Book 29254, Page 393 of the Mecklenburg County Public Registry. (Document No. 38-10, p. 2).

Plaintiffs, proceeding *pro se*, filed a "Complaint" in this Court December 14, 2015, along with a Motion for Temporary Restraining Order, Injunction and for Declaratory Relief. (Document No. 1); (Document No. 3). On January 25, 2016, Plaintiffs filed their "First Amended Complaint." (Document No. 14). In general, Plaintiffs challenge the title and ownership of the real property in question, seeking damages, declaratory judgment, injunctive and equitable relief. (Document No. 14, p. 4). Plaintiffs assert claims for: (1) lack of standing to foreclose; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional infliction of emotional distress; (5) quiet title; (6) slander of title; (7) declaratory relief; (8) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; (9) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601; (10) recission; (11) unfair and deceptive business practices; (12) unjust enrichment; and (13) conversion. (Document No. 14, p. 1).

Plaintiff's claims all stem from two core challenges: (1) that the Foreclosure Order is invalid on the basis that Defendants did not have a valid interest in the property in question that gave them the right to foreclose on the property; and (2) that there were improprieties, fraud, and misconduct by Defendants in the origination of the Plaintiffs' Loan.

Defendants then filed their respective motions to dismiss based on lack of subject matter jurisdiction and failure to state a claim. See Citimortgage and MERS' "Motion To Dismiss Amended Complaint" (Document No. 20); Defendant Rushmore's "Motion to Dismiss…" (Document No. 25); and Defendant SBG's "…Motion To Dismiss Amended Complaint" (Document No. 37). In their motions, Defendants argue that the Rooker-Feldman doctrine prohibits review of foreclosure orders made in state court, some of plaintiff's claims are time-

3

barred by the relevant statutes, and the remainder of claims do not allege sufficient facts to state a claim for which relief can be granted. (Document Nos. 21, 26, 38).

Plaintiffs' opposition memoranda with respect to each of these motions argues that Plaintiffs intend to disclose "new evidence" and cite Rule 60 of the North Carolina Rules of Civil Procedure as grounds for denying the motions. (Document Nos. 27, 34, 41). Defendants respond in turn to Plaintiffs' brief to state that Plaintiffs do not address the issues raised in their own respective briefs, and that consequently the Court should dismiss the case. (Document Nos. 33, 42). Plaintiffs filed sur-replies without leave of the Court. (Document Nos. 35, 43); see also Local Rule 7.1(E).

On May 23, 2016, the Court entered an Order denying Plaintiffs' Motion for Temporary Restraining Order. (Document No. 44). The Honorable Robert J. Conrad, Jr. noted that: "Plaintiffs seek to obtain a reversal of a state court foreclosure decision by a federal court, which is a practice barred by the Rooker-Feldman doctrine." Id. at 2-3. The Court further noted that "[t]o the extent, if any, that these claims are independent from and not inextricably intertwined with the state court's judgment in the foreclosure proceedings, the Court further finds that Plaintiffs have failed to establish a likelihood of success on the merits." Id. at 3. In addition, the Court further noted the statutes of limitations as support for denying Plaintiffs' Motion for Temporary Restraining Order. Id. at 4.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422

(4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a

5

> defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III.  DISCUSSION

In short, the undersigned finds Defendants' arguments for dismissal to be convincing. (Document Nos. 21, 26, 38). Plaintiffs' claims can be divided into three groups: (A) those for which the Court lacks subject-matter jurisdiction; (B) those which are time barred; and (C) those which fail to allege facts sufficient to state a claim under the Federal Rules of Civil Procedure. The undersigned will address each set of claims in turn.

#### A. Subject Matter Jurisdiction

Plaintiffs allege in their Amended Complaint that Defendants "do not have lawful ownership or a security interest" in the property in dispute, on the grounds that the Defendants "unlawfully sold, assigned, and/or transferred their ownership and security interest." (Document No. 14, p. 4). Plaintiff further alleges that each Defendant "cannot show proper receipt, possession, transfer, negotiations, assignment and ownership of the borrower's original Promissory Note and Deed of Trust." (Document No. 14, p. 6). Plaintiff goes on to request that the Court overturn the state Foreclosure Order under each cause of action. (Document No. 14, pp. 28-36) (praying for declaratory relief holding, among other things, that Plaintiff owns the property in dispute in fee simple, and that Defendants hold no interest in the property).

The undersigned notes that where the Court has subject-matter jurisdiction, it may hear the merits of a claim; if it lacks subject matter jurisdiction, it has no authority to hear the case. Fed.R. Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Congress has authorized federal courts to exercise subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, federal district courts do not have authority to hear appeals of the decisions of state courts. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Federal district courts also lack jurisdiction to hear "challenges to state court decisions in particular cases arising out of judicial proceedings." D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 483 n.16, 486 (1983).

The undersigned further observes the Rooker-Feldman doctrine applies not only to issues actually presented to and decided by a state court, but also to issues that are "inextricably intertwined" with questions ruled on by a state court, regardless of whether those claims or issues were raised. Id. A federal claim is inextricably intertwined with a state court decision where, "in order to grant the federal plaintiff relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual." Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997). As such, this Court and other courts have held a plaintiff may not assert federal claims attacking a state court foreclosure action. See, e.g., Dillard v. Bank of N.Y., 476 F. App'x 690 (10th Cir. 2012); Naylor v. Wells Fargo Home Mortgage, Inc. et al., No. 3:15-cv-116-RJC, 2016 WL 55292 (W.D.N.C. January 5, 2016); Steele v. Capital One Home Loans, LLC, No. 3:13-cv-704-RJC-DSC, 2014 WL 3748928 (W.D.N.C. July 30, 2014), aff'd, 594 F. App'x 215 (4th Cir. 2015); Radisi v. HSBC Bank USA,

Nat. Ass'n, No. 5:11-cv-125-RLV, 2012 WL 2155052 (W.D.N.C. June 13, 2012), aff'd, 479 F. App'x 468 (4th Cir. 2012).

The undersigned will recommend that the Court dismiss Plaintiffs' Amended Complaint in part due to lack of subject matter jurisdiction. Foreclosure Orders require a finding by the state court that the party seeking to foreclose is the lawful holder of a valid debt. N.C. Gen. Stat. § 21.16(d). The act of the clerk in so finding or refusing to so find is a judicial act. N.C. Gen. Stat. § 21.16(d)(1). According to public record, the Mecklenburg County Clerk of Court made such a finding. (Document No. 21-4, p. 1). In addition, Plaintiffs had the opportunity to raise the defense of fraud at the foreclosure hearing when the Mecklenburg County Clerk of Court was assessing whether Wilmington Savings was the valid holder of the Deed of Trust and either failed to raise such a defense, or it was not found credible by the state court. See Naylor, 2016 WL 55292 at *4 (citing Dillard, 476 F. App'x 690 (dismissing a fraud claim of improper documents and deceptive representations in a foreclosure action under the Rooker-Feldman doctrine)).

Furthermore, the Foreclosure Order is properly appealed in the state court system. N.C. Gen. Stat. § 21.16(d)(1). Plaintiffs declined to appeal in state court, but now seek to have their case heard here, on the basis that Defendants fraudulently foreclosed or claimed the right to foreclose on a property in which they have no right, title, or interest. (Document No. 14, p. 19). Asking this Court to declare Defendants have no security interest in the property and award Plaintiffs the property in fee simple as Plaintiff does in each cause of action would require overturning the state court's Foreclosure Order. (Document No. 14, pp. 28-36); (Document No. 21-4, p. 1).

Plaintiffs seek an exception to the Rooker-Feldman doctrine based on claims of extrinsic fraud. See Kougasian v. TMSL, Inc., 359 F.3d 1136 (9th Cir. 2004). "Extrinsic fraud is conduct

which prevents a party from presenting his claim in court." Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981); see also Stokley v. Stokley, 227 S.E.2d 131, 134 (N.C. Ct. App. 1976). However, Plaintiffs fail to allege in their Amended Complaint any facts showing Defendants perpetuated an extrinsic fraud on the state court in the foreclosure proceeding. (Document No. 14).

Based on the foregoing law and facts, the undersigned will recommend the following claims be dismissed for lack of subject matter jurisdiction: (1) lack of standing to foreclose; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional infliction of emotional distress; (5) quiet title; (6) slander of title; (7) declaratory relief; (10) recission; and (11) unfair and deceptive business practices. (Document No. 14, p. 1).

### B. Statutes of Limitations

Plaintiffs bring additional causes of action seeking monetary damages for: (8) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; (9) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601; and (10) recission pursuant to TILA. Specifically, Plaintiffs allege that Defendants did not explain "the workings of the entire mortgage loan transaction, how the rates, finance charges, costs and fees were computed, nor the inherent volatility of the loan product(s) provided by Defendants." (Document No. 14, p. 13).

Generally, a motion to dismiss under Rule 12(b)(6) "cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). However, courts may determine the merits of an affirmative defense if "all facts necessary to the affirmative defense clearly appear[] on the face of the complaint." Id. (internal quotation marks omitted). Here, Plaintiffs have alleged sufficient facts regarding the closing date of the Note to determine the relevant limitations period on the face of Plaintiffs' Amended Complaint.

The limitations period for TILA violations is one year from the occurrence of the violation. 15 U.S.C. § 1640(e). The limitations period for RESPA violations is one to three years from the occurrence of the violation, depending on the nature of the violation. 12 U.S.C. § 2614. The limitations period for a recission claim premised on a TILA violation is three years. 15 U.S.C. § 1639(f). The occurrence of a failure to disclose information under TILA or RESPA would be no later than the date of closing of the mortgage, which Plaintiffs allege took place on March 29, 2005. (Document No. 14). Therefore, the statute of limitations for these claims would expire on or before March 29, 2008. Plaintiff filed this action December 14, 2015, over ten years since the Loan was consummated. (Document No. 1).

The undersigned finds that Plaintiffs fail to state a claim upon which relief can be granted with respect to each of these causes of action, on the grounds that each is time-barred: (8) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; (9) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601; and (10) recission pursuant to TILA. As such, the undersigned will recommend that these claims be dismissed.

### C. Insufficiency of Facts

Plaintiffs allege two final causes of action: (12) unjust enrichment; and (13) conversion.

In their claim for unjust enrichment, Plaintiffs allege that Defendants "have been unjustly enriched due to their misrepresentation and unfair and deceptive business practices." (Document No. 14, p. 27). Plaintiffs also allege that "Defendants were aware of the misrepresentations and profited from them." (Document No. 14, p. 27).

The undersigned finds that Plaintiffs fail to allege the necessary facts to state a claim for unjust enrichment. A claim for unjust enrichment cannot be maintained where an explicit contract exists between parties. See Hayes v. Self-Help Credit Union, 2014 WL 4198412, at *4 (M.D.N.C.

August 22, 2014) (citing Southeastern Shelter Corp. v. BTU, Inc., 572 S.E.2d 200, 207-08 (N.C. Ct. App. 2002)). Here, Plaintiffs allege they "entered into a consumer credit transaction with SGB by obtaining a $173,277.00 mortgage loan secured by Plaintiff's principal residence." (Document No. 14, p. 7); see also, (Document No. 21-1; Document No. 21-2). Plaintiffs further allege that they "executed a series of documents, including but not limited to a Note and Mortgage/Deed of Trust, securing the [p]roperty in the amount of note. The original beneficiary and nominee under the Mortgage/Deed of Trust was SGB." (Document No. 14, p. 8); see also (Document No. 21-1); (Document No. 21-2). Indeed, Plaintiffs' Amended Complaint exclusively focuses on the relationships set forth in contractual relationships established between SGB and Plaintiffs. (Document No. 14).

Even *if* there were some ambiguity in the relationship between Plaintiffs and Defendants, the Complaint does not state a claim with respect to unjust enrichment. "Under a claim for unjust enrichment, a plaintiff must establish certain essential elements, (1) a measurable benefit was conferred on the defendant, (2) the defendant consciously accepted that benefit, and (3) the benefit was not conferred officiously or gratuitously. Primerica Life Ins. Co. v. James Massengill & Sons Constr. Co., 712 S.E.2d 670, 677 (N.C. Ct. App. 2011); see also Celgard, LLC v. LG Chem, Ltd., 2015 WL 2412467, at *15 (W.D.N.C. May 21, 2015); Preservation Professional Services, LLC v. M2 Pictures, LLC, 2015 WL 3659506, at *6 (W.D.N.C. May 5, 2015); Mountain Land Properties, Inc. v. Lovell, 46 F.Supp.3d 609, 629 (W.D.N.C. 2014); Scherer v. Steel Creek Property Owners Ass'n, 2014 WL 2196065, at *18 (W.D.N.C. May 27, 2014); Lawhead v. PNC Bank, 2014 WL 1266995, at *7 (W.D.N.C. Mar. 26, 2014). Additionally, "whether [Defendant] was entitled to receive the benefit…is the determinative issue" in an unjust enrichment case. Primerica Life Ins., 712 S.E.2d at 677.

11

Plaintiffs fail to specify the benefit being conferred on Defendants. Plaintiffs say nothing in their Amended Complaint about payments made on the Loan as a benefit conferred to the Defendants, nor do they acknowledge whether or not they were in default on their payments. They do allege that they "entered into a consumer credit transaction with SGB by obtaining a $173,277.00 mortgage loan secured by Plaintiff's principal residence." (Document No. 14, p. 7). To the extent the security interest granted in the Plaintiff's principal residence could be considered a "benefit," Plaintiffs have failed to allege how Defendants were not entitled to receive the security interest, which Defendants obtained in exchange for the loan of $173,277.00 to Plaintiffs. Id.

Turning to the conversion claim, Plaintiffs allege that Defendants "wrongfully misappropriated Plaintiffs' property for their own personal financial benefit." (Document No. 14, p. 27).

The undersigned finds Plaintiffs have failed to state a claim for conversion. Conversion "is well defined as an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." Variety Wholesalers, Inc. v. Salem Logistics Traffic Services, LLC, 365 N.C. 520, 523 (2012) (citation omitted). A claim of conversion fails as a matter of law if Plaintiffs do not allege conversion of any goods or personal chattels. See 2 Hounds Design, Inc. v. Brezinski, 2014 WL 4407015, at *12 (W.D.N.C. Sept. 8, 2014) (citing Norman v. Nash Johnson & Sons' Farms, Inc., 537 S.E.2d 248, 264 (N.C. Ct. App. 2000).

In this case, Plaintiffs have failed to describe any personal property converted on the part of the Defendants in their Amended Complaint. The only property that Plaintiffs allege Defendants to have taken was the foreclosed property at 3328 Crutchfield Place, Charlotte, North Carolina 28213, which is real property and not personal property.

The undersigned finds that Plaintiffs' claims of unjust enrichment and conversion fail under Rule 12(b)(6) due to insufficient factual allegations presented by Plaintiffs. Therefore, the undersigned will also recommend that these claims be dismissed.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants Citimortgage and MERS' "Motion To Dismiss Amended Complaint" (Document No. 20); Defendant Rushmore's "Motion to Dismiss…" (Document No. 25); and Defendant SBG's "Motion To Dismiss Amended Complaint" (Document No. 37) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk of Court is directed to send a copy of this "Memorandum And Recommendation" to the *pro se* Plaintiffs by certified U.S. mail, return receipt requested.

Signed: June 16, 2016

David C. Keesler
United States Magistrate Judge